UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL L. DUNIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14cv1686 HEA |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

On May 24, 2013, Administrative Law Judge Mary F. Withum conducted a video hearing at which Plaintiff testified. Plaintiff was 47 years old at the time of the hearing. Plaintiff did not complete high school, but completed his GED. Plaintiff had past work experience as a truck driver. He resided with his parents,

and received Medicaid and food stamps.  Plaintiff testified that he can drive, but does not drive very often.  He had a valid CDL.  As a truck driver, Plaintiff moved furniture and central air conditioners and furnaces.

Plaintiff testified that he spends most of the day at home, in his bed or in the living room in a recliner.  He is able to bathe himself.  It is difficult to get comfortable.  He goes shopping with his parents occasionally, but if he goes, he usually waits in a chair in the front of the store.

Plaintiff testified that his pain is 7 out of 10 on medication.  Plaintiff testified that he had Cortisone shots, but had not attempted surgery.  He had three family members who had had failed back surgery.  He was taking Lyrica for fibromyalgia and Percocet for pain.

Plaintiff saw a psychiatrist every two months and a therapist every two weeks.  He had panic attacks weekly.  He took Clonazepam.

Plaintiff wears braces on his hands; he had a broken wrist that caused a lot of pain. Plaintiff had successful carpel tunnel surgery, but testified that degenerative arthritis in his knuckles and joints caused other issues.  He had deterioration of his right shoulder and shoulder spur.  His hands were swollen every morning and he couldn't make a fist.  He could not lift or carry; a gallon of milk was difficult to lift, and holding his hands on a steering wheel was difficult.  He could not move

his arms too quickly. If he raised his hand above his head, it felt like it was going to pop out of the joint.

Plaintiff could stand for five to ten minutes and could not stoop, kneel, crouch or crawl. He could sit for fifteen minutes before having to reposition. He spent most of his time laying down or sitting in bed.

The ALJ found Plaintiff had the severe impairments of degenerative disc disease, carpal tunnel syndrome, arthritis, right shoulder arthralgia, depression, and anxiety.

The Appeals Council denied Plaintiff's request for review on August 4, 2014. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ's decision is not supported by substantial evidence in the record.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010).  The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611.  At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals

one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  Id...  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that

must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date of March 25, 2011. The ALJ found at Step Two that Plaintiff had the severe impairments of degenerative disc

disease, carpal tunnel syndrome, arthritis, right shoulder arthralgia, depression, and anxiety.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, Part A (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the Plaintiff can never climb ladders, ropes, or scaffolds, and must avoid all exposure to unprotected heights. Plaintiff can occasionally stoop, crouch, kneel, and crawl; Plaintiff can only occasionally reach overhead with his right arm; he can frequently handle and finger objects bilaterally and he is limited to simple, routine and repetitive tasks.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing past relevant work.

Step Five the ALJ concluded that considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in the Application.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

Plaintiff claims the ALJ posed an incomplete hypothetical question at the hearing by overlooking objective and subjective evidence supporting Plaintiff's shoulder pain and advanced degenerative joint disease as well as side effects of his medication. Review of the transcript, record evidence, and decision of the ALJ yields a conclusion wholly contrary to Plaintiff's position.

The ALJ articulated her reasoning for including and excluding factors in her decision. Although Plaintiff claimed persistent pain caused by degenerative disc disease and arthritis in his shoulder, Plaintiff's impairments have not required surgical intervention. The record indicates that Plaintiff walks with a normal gait and station. The record indicates that Plaintiff had normal musculoskeletal functioning in response to mostly conservative treatment. Plaintiff's February 2011 MRI of his left shoulder revealed only "mild" impingement, "minimal" fluid and a possible small partial" tear in the tendon. The x-rays of Plaintiff's right

shoulder were largely normal a few months later. The ALJ posed the hypothetical question based on her determination of credible limitations. *Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004). Indeed, the ALJ thoroughly articulated the reasons she did not include certain of Plaintiff's claims: Plaintiff's medical records did not support his subjective claims with regard to certain impairments.

Plaintiff also argues that the ALJ failed to consider the *Polaski* factors when determining Plaintiff's credibility. Contrary to Plaintiff's argument, the ALJ's opinion carefully sets out her reasoning for failing to fully credit Plaintiff's testimony. No acceptable medical source submitted an opinion stating Plaintiff was disabled; Plaintiff's treatment was conservative; when Plaintiff complied with suggested treatment, his symptoms were effectively addressed; Plaintiff refused to consider surgery. Substantial evidence supports the ALJ's credibility findings, and therefore, the findings will be affirmed. After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Finally, Plaintiff contends that the ALJ failed to evaluate all the opinion evidence submitted. As the Secretary correctly argues, the "opinion" from Great Mines Health Center was partially prepared by a case worker. Further,

the portion filled out by an unnamed medical provider declined to answer whether Plaintiff was disabled and opined that further diagnostic examination was indicated.

Moreover, this opinion addresses a time period before Plaintiff's alleged disability onset, and was previously addressed by a different ALJ and was rejected. And most significantly, the submission fails to express an opinion as to whether Plaintiff is capable of performing work related activities.

The ALJ's clear and specific opinion is supported by substantial evidence in the record, and therefore must be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 4th day of January, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE